**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

FRANCISCO VIDAL; SANDRA SCHARAS; KHLOE ANN VIDAL; JAMES NESKE

Plaintiffs,

v.

SHERIFF JOE LOMBARDO; LVMPD INTERNAL AFFAIRS; E CLINE; ROWE; OFFICER ROHAN; OFFICER DIAZ; OFFICER LUECK; OFFICER POUPARD

Defendant(s).

Case No. 2:19-cv-1578-RFB-EJY

**AMENDED ORDER**

### I. INTRODUCTION

Before the Court are Plaintiff Francisco Vidal's Complaint and Motion for Temporary Restraining Order. ECF Nos. 1, 1-3, 6. The Court now screens Plaintiff's complaint pursuant to 28 U. S.C. § 1915(A)(a) and decides the motions for a temporary restraining order. For the following reasons, the Court denies the motions for temporary restraining order and dismisses and grants the complaint in part.

### II. PROCEDURAL BACKGROUND

Plaintiff filed his complaint and motion for temporary restraining order on September 9, 2019. ECF No. 1. On April 3, 2020 Judge Dawson, who was originally assigned to the case, recused himself from this action and the case was reassigned to Judge Boulware. ECF No. 3. On April 13, 2020, Judge Youchah ordered plaintiff to file a completed application to proceeding in forma pauperis. ECF No. 4. Plaintiff moved to vacate Judge Youchah's order on April 16, 2020. ECF No. 5. Plaintiff filed a new application for leave to proceed in forma pauperis on April 18,

///

2020. ECF No. 8. Plaintiff also filed a new emergency motion for injunction and motion to screen complaint. ECF Nos. 6,7.

### III.  LEGAL STANDARD
####  a.  Screening Standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit

or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

### b. Motion for Temporary Restraining Order

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

The Prison Litigation Reform Act ("PLRA") further provides that in any civil action with respect to prison conditions, any preliminary injunctive relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626 (a)(2).

/ / /

/ / /

- 4 -

### IV.     FACTUAL ALLEGATIONS

In his complaint and first motion for a temporary restraining order[1], Plaintiff alleges that various officials within the Las Vegas Metropolitan Police Department, including Sheriff Joe Lombardo and the Internal Affairs Department, have purposely failed to document and respond to complaints regarding use of excessive force.

Specifically, Plaintiff refers to an incident that occurred on July 10, 2019 in Clark County Detention Center, in which an inmate was banging on his cell door screaming for help. Plaintiff was also screaming for help for 45 minutes that "[cell unit] 14 need medical." An officer came to inspect the cell only to discover that the inmate who needed medical assistance, Plaintiff James Neske, was now dead. Plaintiff brings an Eighth Amendment deliberate indifference pain related to this incident.

Plaintiff next refers to another incident that occurred on that date. Plaintiff alleges that he told Defendant Officer Rohan that he needed Officer Rohan to call a nurse because Plaintiff was having a panic or asthma attack. Defendant Officer Rohan responded with profanities while Plaintiff continued to suffer from the asthma/panic attack. A nurse eventually came and gave Plaintiff a medication to treat his shortness of breath. After Plaintiff received the treatment, Officer Rohan threatened to take Plaintiff to the "hole." While Plaintiff was still breathing through a nebulizer machine, Officer Rohan called for backup. Sergeant Lueck appeared, and snatched Plaintiff's breathing tube from his face, and, along with several other officers, dragged Plaintiff to a cell (the hole), where he was commanded to strip in front of a large group of officers. Plaintiff further alleges that officers slammed his head against the wall once he was in the cell. Plaintiff was then thrown unto a bunk and an officer placed his knee on Plaintiff's lower back. Another officer continued pushing Plaintiff's elbow up the center of his spine until his shoulder gave way. When the officer pushing Plaintiff's arm felt Plaintiff's shoulder give way, he stopped pushing. The other officer who had his knee on Plaintiff's back also let go of Plaintiff. The officers all left the cell. Plaintiff begged for medical help after being left in the cell with a shoulder he worried had been dislocated and a growing lump above his eyebrow. Plaintiff saw a nurse approaching

---

[1] The documents are identical.

1  and asked for medical assistance, but an officer stepped in front of the nurse and told her to ignore
2  Plaintiff. Plaintiff was then written up for yelling at a nurse and was told to write up a kite. Plaintiff
3  wrote a kite and another inmate told him that the officer had thrown the kite in the trash. Plaintiff
4  put in another kite requesting medical help. A nurse came to his cell the next morning and asked
5  what was wrong with his shoulder. After Plaintiff informed her about what the officers had done,
6  the nurse left the cell and refused to help. Plaintiff continued to put in medical kites and request
7  care, but was completely ignored. Finally, on July 19, Plaintiff saw Sergeant Thomas, who ensured
8  that Plaintiff's kite was taken to medical. Plaintiff subsequently received x-rays on July 23 and the
9  maximum amount of pain medication available to inmates. Plaintiff was later told he would have
10 to submit a separate medical kite to receive the results. Plaintiff brings  Eighth Amendment
11 deliberate indifference, excessive force, gross negligence, and battery claim based on this incident.

12 Plaintiff also brings a failure to supervise, respondeat superior, gross negligence and
13 intentional deprivation of due process claim concerning an incident that occurred on July 3, 2019
14 when Las Vegas Metropolitan Police Department ("LVMPD") officers broke into the home
15 Plaintiff shared with Plaintiff Sandra Scharas and destroyed property in the home. Plaintiff
16 contends that he has filed  another court case concerning this matter. Plaintiff finally alleges that
17 for years he has been submitting complaints with the LVMPD Internal Affairs department about
18 criminal conduct on the part of officers regarding the death of Plaintiff's daughter.

19 Plaintiff subsequently seeks a temporary restraining order and preliminary injunction
20 requiring the American Civil Liberties Union ("ACLU") to monitor LVMPD Internal Affairs
21 complaints and a final injunction that allows the ACLU to review and revise the Internal Affairs
22 department of the LVMPD.

### V. DISCUSSION

#### a. The Court Dismisses the Claim that is Duplicative of Plaintiff's Claim in Another Case Pending Before this Court

Plaintiff has another pending case before this Court that raises the same factual allegations and claim related to Plaintiff's failure to train/respondeat superior claim against  the Las Vegas

Metropolitan Department. See Vidal v. Lindsey, No. 2:19-cv-1334-JAD-BNW ("Lindsey").[2] and No:20-cv-467-RFB-BNW). Because the claims arising from these factual allegations are duplicative of claims already before the District of Nevada, the Court dismisses this cause of action. See Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (court has discretion to dismiss an action that is duplicative of another action); overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). Plaintiff must litigate that claim in the Lindsey case, not in this case. The Court accordingly denies Plaintiff's third cause of action with prejudice.

### b. Plaintiff's Pro Se Representation of Other Parties

In Judge Youchah's order requiring Plaintiff to file a completed application to proceed in forma pauperis, it was noted that Plaintiff did not have the authority to represent any party other than himself. ECF No. 4. Plaintiff now wishes the Court to revisit this decision. It will not. It is axiomatic that pro se parties may not represent any individual other than themselves, and therefore cannot represent any other plaintiffs or other unnamed plaintiffs individually or in a class action lawsuit. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 – 65 (9th Cir. 2008). Because Plaintiff's first cause of action is based on factual allegations concerning Plaintiff James Neske, Plaintiff Francisco Vidal cannot bring the claim. The Court will therefore dismiss all claims that are brought on behalf of anyone besides Plaintiff Francisco Vidal. Accordingly, the Court dismisses Plaintiff's first cause of action and dismisses all plaintiffs with the exception of Plaintiff Francisco Vidal from this action, as no other plaintiffs personally signed the complaint in violation of Rule 11 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(a).

### c. Plaintiff's Second Cause of Action for Deliberate Indifference

Plaintiff alleges several different theories of liability based on the incidents stemming from his second cause of action. The Court construes Plaintiff to be bringing Eighth Amendment deliberate indifference, excessive force under 42 U.S.C. §1983, gross negligence, and battery claims based on this incident. The Court examines each claim/theory of liability in turn.

### i. Eighth Amendment Deliberate Indifference

---

[2] Plaintiff also had a third case before this Court bringing the same failure to train/respondeat superior claim, but that case was opened in error and the Court has accordingly dismissed and closed that case. See Vidal v. Las Vegas Metro Police Dep't et al, No. 2:20-cv-00467-RFB-BNW.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff has adequately pled a deliberate indifference of serious medical needs claim. Plaintiff alleges that the Clark County Detention Center delayed in giving him medical care for first his asthma attack, and then for a possibly dislocated shoulder. The Court finds that both conditions are serious medical needs. See Harrison v. Sample, 359 F.App'x 893 (9th Cir. 2009) (asthma attack is serious medical condition); Jett, 439 F.3d at 1031 (fractured thumb is serious medical condition). The Court further finds that Plaintiff has sufficiently alleged that corrections officers and medical staff were deliberately indifferent to his medical needs by delaying requested medical care and allowing Plaintiff to remain in prolonged pain. Accordingly,

the Court will allow this claim to proceed once Plaintiff has either filed an application to proceed in forma pauperis or paid the filing fee.

### ii. Excessive Force Under 42 U.S.C. § 1983

The Eighth Amendment forbids cruel and unusual punishment. In an excessive force case, prison officials violate the Eighth Amendment if they cause "the unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations and quotation marks omitted); see also Furnace v. Sullivan, 705 F.3d 1021, 1027 (9th Cir. 2013). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6. Courts consider five factors in making this determination: (1) the extent of the injury suffered by the inmate; (2) the need for the use of force; (3) the relationship between the need and the level of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to mitigate the severity of the force used. Furnace, 705 F.3d at 1028-29 (citation and quotation marks omitted).

The Court finds that Plaintiff has pled facts sufficient to support his excessive force claim. If Plaintiff's factual allegations are credited as true, then the Court finds that the force used by the officials was unnecessary and in connection to a nonexistent threat. Plaintiff alleges that the officers dragged him into a different cell and then potentially dislocated his shoulder essentially because he requested medical treatment for an asthma/panic attack. The Court will therefore allow Plaintiff to proceed on this theory of liability once he has paid the filing fee or filed an application to proceed in forma pauperis.

### iii. Gross Negligence and Battery

The Nevada Supreme Court has described gross negligence as a "reckless disregard of a legal duty." Chur v. Eighth Judicial District Court, 458 P.3d 336, 342 (Nev. 2020) (citing Black's Law Dictionary). Prison officials have a duty to exercise ordinary care in performing their official duties. Butler v. Bayer, 168 P.3d 1055, 1065 (Nev. 2007).  The Court finds that Plaintiff has alleged facts sufficient to support a claim of gross negligence on the part of the officers, and will allow Plaintiff to proceed with this claim and theory of liability once he has paid the filing fee or filed an application to proceed in forma pauperis.

Battery is "an intentional and offensive touching of a person who has not consented to the touching." Humboldt Gen. Hospital v. Sixth Jud. Dist. Ct., 376 P.3d 167, 171 (Nev. 2016) (internal citations omitted). The Court also finds that Plaintiff has sufficiently alleged a claim of battery, for the reasons previously stated.

### d. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

The Court finds that Plaintiff cannot meet his burden to show that he is entitled to a preliminary injunction or temporary restraining order at this time. The injunctive relief that Plaintiff seeks is not sufficiently connected to the underlying complaint. The Ninth Circuit has explained that the Court may only grant injunctive relief when the preliminary injunction would grant relief of the same character as that which may be granted finally. Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). Plaintiff wants the Court to order the ACLU to monitor the Internal Affairs Department of the Las Vegas Metropolitan Police Department. This is not at all related to Plaintiff's surviving claim alleging harsh treatment by corrections officers at the Clark County Detention Center. The requested relief is also not narrowly drawn, in violation of the PLRA's mandate that "relief is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right." 18 U.S.C. § 3626(a)(1). The Court therefore denies the motion.

### e. Application to Proceed In Forma Pauperis

The Court has reviewed the application to proceed in forma pauperis and finds that it is complete and that Plaintiff has demonstrated an inability to pay the full filing fee. The Court will therefore grant the application.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall file the complaint (ECF No. 1-1) and send Plaintiff a copy.

**IT IS FURTHER ORDERED** that Plaintiff's first and third causes of action are dismissed with prejudice as amendment is futile.

1  **IT IS FURTHER ORDERED** that all Plaintiffs are dismissed from this action with the
2  exception of Plaintiff Francisco Vidal.
3  **IT IS FURTHERED ORDERED** that Plaintiff's Motions for a Temporary Restraining
4  Order (ECF No. 1-3 and ECF No. 6) are DENIED.
5  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate Order (ECF No. 5) is
6  DENIED.
7  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Screening (ECF No.7)
8  is DENIED as moot.
9  **IT IS FURTHER ORDERED** that the Clerk of the Court shall electronically serve a copy
10 of this order and a copy of Plaintiff's complaint (ECF No. 1-1) on counsel for Defendant Sheriff
11 Lombardo, Lewis Brisbois Bisgaard & Smith LLP. This does not indicate acceptance of service.

13 DATED: May 8, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**