UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANCISCO VIDAL,<br><br>         Plaintiff<br><br> v.<br><br>SHERIFF JOE LOMBARDO, et al.,<br><br>         Defendants | Case No. 2:19-cv-01578-RFB-EJY<br><br>**ORDER** |

**I. DISCUSSION**

  On May 6, 2020, the Court issued a screening order in this case that would have permitted Plaintiff to proceed on some claims if Plaintiff paid the filing fee or filed an application to proceed *in forma pauperis*. (ECF No. 9). However, that order was returned as undeliverable. (ECF No. 11). On May 8, 2020, the Court ordered Plaintiff to file an updated address with the Court within 30 days. (ECF No. 13). Plaintiff failed to comply with that order. The Court therefore dismissed this action on June 22, 2020. (ECF No. 15). Plaintiff has filed motions in which he asserts that the Court has permitted some of his claims to proceed and that this case therefore was closed by the Clerk in error and should be reopened. (ECF Nos. 21, 23). Plaintiff is incorrect. This case was not closed in error. It was closed because Plaintiff failed to comply with the Court's order. The motions to reopen the case based on an asserted clerk error therefore are denied.

  Over a year after the Court dismissed this case, Plaintiff filed his application to proceed *in forma pauperis* and filed multiple motions providing the Court with his address and asking the Court to excuse any delays in responding to the Court's orders and asked the Court to send him copies of documents from this case. (ECF Nos. 18, 19, 20, 22).

  Plaintiff essentially is asking for an extension of time to comply with the Court's order. Pursuant to Nevada Local Rule of Practice IA 6-1(a), a request for an extension of time made after the expiration of the specified period "will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." Nev. Loc. R. IA 6-1. Excusable neglect is an equitable question for the court,

considering "all relevant circumstances surrounding the party's omission." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Svcs. Co. v, Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Courts use the following factors to determine whether a party's omission should be considered excusable neglect: the danger of prejudice to the other party; the length and impact of the delay on judicial proceedings; the reason for delay and whether it was reasonably within the party's control; and whether the party acted in good faith. *Briones*, 116 F.3d at 381.

Here, Plaintiff asserts that he was unable to receive or access court orders due to struggling during the pandemic and he did not have an address or device through which he could receive court orders. (ECF Nos. 18, 20, 22). However, according to the application to *proceed in forma pauperis* submitted to the Court on August 11, 2021, Plaintiff was booked into custody again on June 7, 2021. (ECF No. 19 at 5). The Court regularly sends and receives documents from people incarcerated or detained at the jails and prisons in Nevada. Thus, it is apparent that Plaintiff could have contacted the Court earlier to obtain and comply with any orders in this action. Therefore, the Court concludes that the length of the delay was within Plaintiff's control and Plaintiff did not act in good faith, especially given the amount of time that had elapsed since the Court's order. In light of the totality of the circumstances, the Court finds that the failure to timely comply with the Court's order is not a result of excusable neglect. Accordingly, the motion to excuse Plaintiff's delay in responding to the Court's order is denied. If Plaintiff wishes to pursue any of the claims that were the subject of this case, he may file a complaint in a new action with the filing fee or a complete application to proceed *in forma pauperis*.

To the extent Plaintiff is seeking free copies of documents in this case, any such motions are denied. An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The Court cannot provide free copies even to indigent plaintiffs proceeding in forma pauperis as the in forma pauperis statute, 28 U.S.C. § 1915, does not authorize the Court to pay the costs for an indigent litigant's general copy requests. Plaintiff may, however, pay for copies of documents he wishes to obtain.

**II.    CONCLUSION**

      For the foregoing reasons, IT IS ORDERED that Plaintiff's motions to reopen the case due to clerk error (ECF Nos. 21, 23) are denied.

      IT IS FURTHER ORDERED that the motions to excuse the delay in compliance with the Court's orders and reopen this case and provide Plaintiff with free copies (ECF Nos. 18, 20, 22) are denied.

      IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* (ECF No. 19) is denied as moot.

      **IT IS FURTHER ORDERED that no further documents shall be filed in this closed case.**

      DATED THIS 28th day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE